## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 13 |
| EDWARD JOSEPH JIRAK, | ) | |
| HELEN ANNA JIRAK, | ) | Bankruptcy No. 11-01510 |
| | ) | |
| Debtors. | ) | |

## ORDER RE: MOTION TO DISMISS CASE

This matter came before the undersigned on November 1, 2011 on Trustee's Motion to Dismiss Case.   Carol Dunbar appeared as the Chapter 13 Trustee. Attorney John Schmillen appeared for the U.S. Trustee.   Debtors Edward and Helen Jirak did not appear, nor did anyone appear on their behalf.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Trustee moves to dismiss this case on several grounds.   She asserts Debtors are not eligible for Chapter 13 relief because their unsecured debt exceeds the statutory limit.   For example, Claim No. 3 filed by the IRS asserts an unsecured claim of over $406,000, alone.   Additionally, Trustee notes that Debtors have not timely complied with the Court's September 15, 2011 Order giving them until October 5, 2011 to amend the Plan and Schedules.   Debtors are also currently delinquent in making plan payments.

The U.S. Trustee's comment notes that Debtors' Schedule J shows negative monthly net income making them unable to make any payment to creditors under a Chapter 13 plan.   Also, Debtors' plan improperly attempts to modify mortgage debt on their personal residence.   The U.S. Trustee supports Trustee's Motion to Dismiss.

## CONCLUSIONS OF LAW

According to § 109(e), only "an individual with regular income and such individual's spouse . . . that owe, on the date of the filing of the petition,

noncontingent, liquidated, unsecured debts that aggregate less than $360,475 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e). If the joint debtors' relevant individual debt exceeds that limit, they are not eligible for Chapter 13 relief. In re Werts, 410 B.R. 677, 688 (Bankr. D. Kan. 2009).

Section 1307(c) provides a non-exclusive list of grounds which may constitute cause for dismissal of a Chapter 13 case. In re Dudley, 273 B.R. 197, 199 (B.A.P. 8th Cir. 2002). That section states, in pertinent part:

> on request of a party in interest . . . the court may convert [or] dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including – (1) unreasonable delay by the debtor that is prejudicial to creditors; . . . (3) failure to file a plan timely . . . [or] (4) failure to commence making timely payments. . .

11 U.S.C. § 1307(c). The bankruptcy court has discretion to determine whether to convert or dismiss a Chapter 13 case under this section. In re Tolbert, 255 B.R. 214, 216 (8th Cir. BAP 2000).

## ANALYSIS

Based on the foregoing, the Court concludes cause exists to dismiss this case. Debtors filed their Chapter 13 petition on June 24, 2011. Thus, the automatic stay has been in place for almost four months without a confirmable plan on file. The Claims filed to date total over $637,000. Reducing this amount by secured debt of $116,000 results in total unsecured debt of more than $521,000. This exceeds the statutory limit of $360,475 for Debtors to be eligible for Chapter 13 relief.

Debtors have not filed an amended plan or amended schedules as ordered by the Court. The schedules on file show that Debtors do not have sufficient income to fund a plan. Trustee reports that Debtors are delinquent in making plan payments according to the proposed plan. All these circumstances lead the Court to conclude that cause exists to dismiss this case as requested by Trustee and supported by the U.S. Trustee.

**WHEREFORE**, the Motion to Dismiss Case is GRANTED.

2

**FURTHER**, this case is DISMISSED.

Dated and Entered: November 3, 2011

_____

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE